(No. 3705—)

Lou Collins, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed September 8, 1942.*

Roy A. Ptacin, for claimant.

George F. Barrett, Attorney General; William L. Morgan, Assistant Attorney General, for respondent.

ECKERT, J.

The claimant, Lou Collins, is employed as an attendant at the Chicago State Hospital, a public institution owned and operated by the State of Illinois. On January 6, 1942, while supervising the serving in the officers' dining room, she slipped and fell, sustaining a Colles's fracture of the left wrist. She reported immediately to the employees hospital where an x-ray was taken and a cast applied.

Claimant did not work from January 6, 1942, until February 17th, during which time she was under the care of Dr. Louis Olsman. Since February 17th, she has worked regularly at the same position and received the same pay which she received prior to the accident. All medical services were furnished by the respondent. Claimant also received her regular pay for the month of January, and the sum of $49.18, for productive work from February 17th to the end of the month.

Claimant's earnings at the time of the accident were $63.00 per month and maintenance in the amount of $24.00 per month. Her average annual earnings for the year preceding the accident were $1044.00, and her average weekly wage was $20.08. She was then sixty-six years of age, a widow, and had no children under sixteen years of age. At the time of the accident the employer and employee were operating under the provisions of the Workmen's Compensation Act of this State; notice and claim for compensation were made within the time provided by the Act. No claim is made for medical or hospital services, but claimant seeks an award for temporary total disability and for partial permanent disability for loss of use of her left arm.

Claimant testified that since the accident, her left hand does not have as much grip as it formerly did; that she can not lift heavy things with her left arm; that she suffers pain in her arm and in her wrist; and that after long hours of work her arm becomes tired and aches. She also testified that because of her injury, she is not able to do all of the

tasks incident to her employment and which she formerly performed.

Dr. Albert C. Field, a witness called on behalf of the claimant, testified that he examined Mrs. Collins on June 5, 1942; that he found a thickening at the lower end of the left forearm, some deformity at the lower end of the ulnar, and some widening of the joint space. Dr. Field also testified that he found a five degree limitation of extension, a thirty-five degree limitation of flexion, and a limitation of about twenty-five per cent of eversion and inversion. By comparative measurements, claimant's left wrist measured six and one-half and her right wrist six and one-eighth. In the doctor's opinion the disability was permanent.

Dr. Louis Olsman, called on behalf of the respondent, testified that he had examined claimant on May 23, 1942, and found a small limitation of inversion, eversion and flexion, of the left wrist; that he again examined claimant on July 10, 1942, and found a limitation of inversion and eversion of about twenty per cent and a limitation of flexion of about twenty-five per cent. He considered the condition permanent.

Claimant was temporarily totally incapacitated for a period of six weeks, and would therefore be entitled to the sum of $66.24 under the terms and provisions of the Workmen's Compensation Act. However, she has already been paid this amount for non-productive time, and therefore no award can be made for temporary total incapacity.

Claimant, however, is entitled to an award for partial permanent disability, having suffered a permanent partial loss of the use of her left arm which the court finds to be a loss of ten per cent. Under the provisions of the Workmen's Compensation Act, claimant is therefore entitled to receive fifty per cent of her average weekly wage for a period of twenty-two and one-half weeks or the sum of $225.90. The accident having occurred after July 1, 1941, this amount must be increased ten per cent.

Award is therefore entered in favor of the claimant in the sum of $248.49, all of which is accrued and is payable forthwith.

This award being subject to the provisions of an Act entitled, "An Act Making an Appropriation to Pay Compensation Claims of State Employees and Providing for the Method of Payment Thereof," approved June 30, 1941, and

being by the terms of such Act, subject to the approval of the Governor, is hereby if and when approval is given, made payable from the appropriation from the General Revenue Fund in the manner provided for in such Act.